## Case No. 15,650.

### UNITED STATES v. LYON.

[See Case No. 8,646.]

## Case No. 15,651.

### UNITED STATES v. LYON et al.

[2 McLean, 249.] [1]

Circuit Court, D. Michigan.　Oct. Term, 1840.

PRACTICE—JUDGMENT ON MOTION—SURETIES.

The act of March 3, 1797 [1 Stat. 512], which provides that judgment shall be given at the return term against debtors of the United States, on motion, is limited to cases in which the principal debtor is a party to the action.

[This was an action, on a bond, by the United States against Lucius Lyon and others.]

The District Attorney, for the United States.

Mr. Frazer, for defendants.

OPINION OF THE COURT. This action is brought on an official bond, signed by the defendants as the surety of ——, receiver of public moneys. The receiver is deceased, and, being a defaulter, his account was regularly certified from the proper department of the government, together with a certified copy of his bond; and the writ being returnable to the last term of this court, a motion was made for judgment, under the act of congress. The motion was continued to the present term, and it is now renewed.

The continuance of the motion can not change the principles on which it must be decided. It must now stand as it stood when first made at the return term of the writ; and the question for consideration is, whether the plaintiff is entitled to judgment. It is insisted that the act of congress, of the 3d of March, 1797, provides for judgment, on motion, unless the defendant shall, in open court, make oath that he is equitably entitled to credits which had been, previous to the commencement of the suit, submitted to the consideration of the accounting officers of the treasury, and rejected, specifying each particular claim, so rejected, in the affidavit; and that he can not then come safely to trial. These are the words of the statute, and, if they apply to the case under consideration, the judgment must be entered, as no affidavit has been made by either of the defendants. The principal in the bond, being dead, is not a party to the suit, and it is contended that the above provision can apply only to the principal. To this it is answered, that there

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. John McLean, Circuit Justice.]

is no exemption as to securities in the statute, and, consequently, the provision must apply to them equally as to their principal. And that duty bonds, on which judgments are uniformly entered at the first term, come under the same provision.

This question has not been raised in this circuit, and, from the limited examination which has been made, it does not appear to have been decided in any of the circuits. The first section of the act provides, that when any revenue officer, or other person, accountable for public money, shall neglect or refuse to pay into the treasury the sum or balance reported to be due to the United States, &c., the comptroller shall institute suit, &c. This evidently refers to the principal debtor. It embraces a revenue officer, or other person, who owes to the United States a balance on the "adjustment of his account." The words of the fourth section are: "Where suit shall be instituted against any person indebted to the United States, the court, where the same shall be pending, shall grant judgment at the return term, on motion, unless the defendant shall," &c. Now, this provision would seem, also, to apply to the debtor of the United States, as described in the first section,—a debtor whose account has been adjusted, and additional force is given to this view, when the conditions are considered on which a continuance may be granted. The defendant is required to make an affidavit that he is equitably entitled to credits, which, before the commencement of the suit, had been presented and rejected at the treasury; and he is required to "specify each particular claim so rejected." Now, how can any one, except the principal debtor, make this oath? He is, very properly, supposed to be acquainted with his accounts including the rejected items. And he may well be required to specify these items, and to say that they were presented to the treasury. But a security is not supposed to be, and, in fact is not, acquainted with the accounts of his principal, or with their adjustment by the accounting officers of the treasury.

No case could better illustrate the propriety and force of this view than the one under consideration. The receiver is dead, and suit is brought on his bond against his sureties, on a balance stated to be due on the adjustment of his account. The balance is large, and is the result of a large account, consisting of debits and credits. The first notice to the sureties, perhaps, of the defalcation, is the service of the process some fifteen or twenty days before the commencement of the court. They are necessarily strangers to the accounts, much less are they acquainted with the mode of their adjustment: How then can they swear that they have credits which ought to be allowed? Credits which have been presented to the treasury and rejected. And how can they specify these credits particularly? It is impossible in the nature of things. And this is enough to show that con-

gress could not have intended to require impossibilities, or to make the courts of the United States the instruments of injustice. If it were necessary I would say that congress have not the power, by an act of legislation, to take away the exercise of that discretion by a court, which is essential to the attainment of justice. They have not power to say how a court shall decide a case, nor that they shall decide it without evidence. The practice of the court may, undoubtedly, be regulated by congress. But in the administration of justice contingencies may occur which could not have been foreseen, and for which the law has made no provision, and which call for the exercise of the judicial discretion of the court.

As regards the present question the plain import of the language of the act, in the different sections, limits the provision to the principal debtor. Where he is a party to the suit, with the sureties, the affidavit required must be made before a continuance is granted. For, in such case, if there be any rejected credits he must know them, and can state them on oath. And this protects his innocent securities. It is presumable that the practice referred to of entering judgment at the return term on duty or other bonds, must be cases where the principal debtor is a party to the suit. Any other construction subjects the sureties to the grossest injustice. Although in this case a continuance was had, at the instance of the court, the court overrules the motion for judgment. The defendants, under the rules of the court, have a right to plead, and until they shall have been ruled to file a plea a judgment will not be entered against them.